UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**BENJAMIN W GLADWIN**,

Debtor.

Case No. **10-62276-13**

# MEMORANDUM OF DECISION

At Butte in said District this 9th day of February, 2011.

Pending in this Chapter 13 case is confirmation of Debtor Benjamin W. Gladwin's ("Gladwin" or "Debtor") Chapter 13 Plan (Docket No. 4). The Chapter 13 Trustee objects to confirmation on the grounds the Plan fails to satisfy the "disposable income" requirement of 11 U.S.C. § 1325(b) since the Debtor, a "below median" income debtor, proposes to continue making monthly payments on a claim secured by a boat and trailer used solely for recreation. By stipulation the parties agreed to submit this matter on agreed facts and briefs, which have been filed and reviewed by the Court, together with applicable law. This matter is ready for decision.

At issue is whether the disposable income requirement of § 1325(b), after enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), allows a below median income debtor to continue making monthly payments for a debt secured by a boat used solely for recreational purposes. For the reasons set forth below, this Court concludes that the Debtor failed to satisfy § 1325(b)(1)(B), and that the Debtor's monthly boat/trailer payments are not reasonably necessary to be expended for the maintenance and support of the Debtor or a dependent of the Debtor. This Court's pre-BAPCPA decision *In re Opper*, 20 Mont. B.R. 123,

1

128-30 (Bankr. D. Mont. 2002) (installment payments for a boat and trailer used exclusively for recreation are not reasonably necessary for the maintenance and support of a debtor or dependent of the debtor, and therefore constitute disposable income under § 1325(b)(2)(A)) remains good law. The Trustee's disposable income objection will be sustained and confirmation denied.

This Court has jurisdiction in this Chapter 13 case under 28 U.S.C. § 1334(a). Confirmation of Debtor's Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L). This Memorandum includes the Court's findings of fact and conclusions of law as provided at F.R.B.P. 7052 (applying Fed. R. Civ. P. 52).

## FACTS

The parties agreed that the following are true in their "Stipulation of Facts" (Dkt. 16):

1. Debtor commenced this case on September 22, 2010, by filing a Petition for Relief under Chapter 13 of the Bankruptcy Code. The Debtor filed his Chapter 13 Plan on the same date.

2. The Debtor's plan proposes to make 36 monthly payments of $400.00 per month. Paragraph 2(c) of the Plan lists Bank of the West as an unimpaired secured creditor with a security interest in a Lowe Boat and a boat trailer, and provides that the Debtor will continue to make payments to the Bank of the West directly. No arrearage is owed to the Bank of the West.

3. Bank of the West filed Proof of Claim No. 1 which shows an amount owed of $9,970.80 secured by a 2005 Lowe Boat, motor and trailer. The proof states that the debt is financed at the rate of 7.49%, that the collateral is worth $9,970.80, and that no arrearage is due. The financing agreement is attached to the Proof as an exhibit and shows that the Debtor is paying $127.49 per month, that the contract calls for monthly payments over a term of 12 years with the first payment being due on July 6, 2007. Schedule J projects that the Debtor will make payments of $130.00 per month on the boat and trailer.

4. Schedule D lists two debts secured by a residence at 218 West 3rd Street in Stevensville. Paragraph 4 of the Plan states that the property will be surrendered. Schedule D also shows a debt payable to Montana 1st Credit Union secured by a Honda Pilot. Paragraph 7 of the Plan states that the vehicle was awarded to the Debtor's former spouse in a dissolution proceeding, that she is responsible for making the payments, and that the claim would not be treated as a secured claim. The paragraph further consents to modification of the automatic stay in the event of a default and the credit union finds it necessary to repossess. Schedule D also shows another debt owed to Montana First Credit Union which is secured by a 2000 Toyota Forerunner and that claim is treated as an unimpaired secured claim under paragraph 2(c) of the Plan. There are no other secured debts.

5. Form 22C states that the Debtor is unmarried and that his household size is 2. The median income for a household of 2 in Montana as of the date of filing was $52,310.00. The Debtor's annual income according to Form 22C is $52,072.08 and therefore he is a below median debtor.

6. Schedule I shows a monthly net income of $2,956.99 and schedule J shows expenses of $2,397.00, leaving a surplus of $559.99.

7. The Debtor uses the boat only for recreational purposes.

8. The liquidation analysis shows that at least $12,500 will be paid to unsecured creditors. Schedule F shows $35,989.55 in general unsecured debt and Schedule E shows $0.00 in priority unsecured debt.

## DISCUSSION

It is well established law in this Circuit that for a bankruptcy court to confirm a plan,

"each of the requirements of section 1325 must be present and the debtor has the burden of proving that each element has been met." *In re Barnes*, 32 F.3d 405, 407 (9th Cir. 1994); *In re Andrews*, 49 F.3d 1404, 1408 (9th Cir. 1995); *In re McSparran*, 410 B.R. 664, 668 (Bankr. D. Mont. 2009); *In re Tuss*, 360 B.R. 684, 690 (Bankr. D. Mont. 2007); *In re Tranmer*, 355 B.R. 234, 241 (Bankr. D. Mont. 2006). Section 1325(a)(1) requires confirmation of a plan if "the plan complies with the provisions of this chapter and with the other applicable provisions of this title." Therefore, the Debtor has the burden of proof on all elements of confirmation. *Meyer v. Hill (In re Hill)*, 268 B.R. 548, 552 (9th Cir. BAP 2001).

The Debtor contends that the Trustee's objection essentially is a "good faith" objection, and that the factors for bad faith are not present in this case. However, the Trustee's objection specifically cites the "disposable income" test of § 1325(b), because the Debtor's monthly $130 boat payment is not reasonably necessary for the maintenance and support of the Debtor or Debtor's dependents. The Trustee has not raised or argued lack of good faith.

Section 1325(b)(1) provides:

(b)(1) If the trustee . . . objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan –

\* \* \* \*

(B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

*Hamilton v. Lanning*, __ U.S. __, 130 S.Ct. 2464, 2469, 177 L.Ed.2d 23 (2010).

Section 1325(b)(2)(A)(i) defines the term "disposable income" in pertinent part as meaning "current monthly income received by the debtor . . . less amounts reasonably necessary

to be expended – (A)(i) for the maintenance or support of the debtor or a dependent of the debtor . . . ." Prior to the enactment of BAPCPA in 2005, this Court, in *Opper*, held that installment payments on a boat and trailer used exclusively for family recreation are not reasonably necessary for the maintenance or support of a debtor or a dependent of the debtor, and therefore constitute disposable income under § 1325(b)(2)(A). *Opper*, 20 Mont. B.R. at 130.

For "above median" income debtors, Congress in BAPCPA imposed a means test which identifies which expenses qualify as "amounts reasonably necessary to be expended." *Ransom v. FIA Card Services, N.A.*, __ U.S. __, 131 S.Ct. 716, 721-22, 2011 WL 66438 6 (2011); 11 U.S.C. § 1325(b)(3). The means test at 11 U.S.C. § 707(b)(2) directs above median debtors to claim allowances for defined living expenses, as well as for secured and priority debt. *Id.* at 722; § 707(b)(2)(A)(ii)-(iv). Thus, if the Debtor in the instant case was an above median debtor, his boat payment would be permitted. Gladwin is a below median income debtor by stipulation (Dkt. 16, no. 5).

The Trustee contends that BAPCPA did not substantially change the projected disposable income for debtors with CMI less than the applicable median family home income, and that "below median" income debtors are not entitled to expense deductions that are allowed under § 707(b)(2) for "above median" income debtors. The United States Supreme Court agrees, writing in *Ransom*: "Because the means test does not apply to Chapter 13 debtors whose incomes are below the median, those debtors must prove on a case-by-case basis that each claimed expense is reasonably necessary. See §§ 1325(b)(2) and (3)." *Ransom*, 131 S.Ct. at 725 n. 5, 2011 WL 66438 at * 6.

In *Lanning* the Supreme Court wrote:

5

> The phrase "amounts reasonably necessary to be expended" in § 1325(b)(2) is also newly defined. For a debtor whose income is below the median for his or her State, the phrase includes the full amount needed for "maintenance or support," see § 1325(b)(2)(A)(i), but for a debtor with income that exceeds the state median, only certain specified expenses are included, see §§ 707(b)(2), 1325(b)(3)(A).

*Lanning*, 130 S.Ct. at 2470.

The Debtor admits that the means test of § 707(b) "has no applicability to this case" because the Debtor is a below median income debtor, but nevertheless he argues that the means test "is illustrative of what Congress thought were reasonably necessary, and that includes payments on debts secured by anything ..." based on § 707(b)(2)(a)(iii), citing *McSparran*, 410 B.R. at 671. Debtor argues that even though the means test is not applicable, the "concepts" of the means test "related to what is a reasonably necessary expense are a useful guide." This Court declines to apply the means test, or its concepts, to below median income debtors. Such an application would run counter to the above-quoted excerpts from *Lanning* and *Ransom* that the means test does not apply to below median income debtors.

 Debtor argues that, because Congressional policy is clear that above median debtors may continue to make payments on secured debts, there is nothing to suggest that Congress had a policy against allowing below median debtors to continue making such payments. On the contrary, the application of the means test to above median income debtors, and not to below median income debtors such as Gladwin, clearly suggests that Congress had such a policy against allowing below median debtors to make such payments. "Where Congress includes particular language in one section of a statute but omits it in another, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Keene Corp. v. United States*, 508 U.S. 200, 208, 113 S.Ct. 2035, 2040, 124 L.Ed.2d 118 (1993) (internal quotation

marks and alterations omitted); *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1993).  If Congress intended below median debtors to be allowed to continue making payments on debts secured by recreational property, it could have and would have applied the means test to them like it did for above median debtors.  Congress did not apply the means test to below median debtors, and therefore Debtor has the burden of showing that the monthly boat payment was reasonable and necessary for his maintenance and support.  Stipulated Fact 7 states that "Debtor uses the boat only for recreational purposes."  Therefore, the Court finds that Debtor has not satisfied his burden.

This Court's decision *In re Dement*, 2010 WL 231750 (Bankr. D. Mont. 2010), illustrates the disparate treatment.  The Dements were above median income debtors, and thus pursuant to § 1325(b)(2) their disposable income was determined in accordance with the means test.  *Dement* at * 4.  This Court allowed the debtors' monthly payments on a debt secured by their trailer under the means test because payments on secured claims are allowed under the means test at § 707(b)(2)(A)(iii), and the Court does not examine separately the reasonableness of the expenses.  *Id.* at *5, *6, quoting *In re Egebjerg*, 574 F.3d 1045, 1048-49 (9th Cir. 2009); *McSparran*, 410 B.R. at 671.

"Congress did not amend the term 'projected disposable income' in 2005." *Lanning*, 130 S.Ct. at 2473.  The Supreme Court wrote in *Lanning* that, absent a clear indication that Congress intended a departure from pre-BAPCPA practice, it will not read the Bankruptcy Code to erode past bankruptcy practice.  130 S.Ct. at 2473-74.  Since BAPCPA did not change the disposable income test for below median income debtors, this Court's pre-BAPCPA decision in *Opper* remains the rule in this district.

Next Debtor argues that allowing him to save recreational property through a Chapter 13 should not be discouraged, because otherwise a below median income debtor could file a Chapter 7 and reaffirm, and creditors would be better off if below median income debtors are encouraged to file for Chapter 13 relief.  Given the above discussion, and the unchanged pre-BAPCPA practice embodied in *Opper*, it is the job of Congress to amend the statute, not the courts.  "'It is beyond our province to rescue Congress from its drafting errors, and to provide what we might think . . . is the preferred result.'" *Lamie v. U.S. Trustee*, 540 U.S. 526, 542, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004) (quoting *US v. Granderson*, 511 U.S. 39, 68, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994) (concurring opinion)).

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this case under 28 U.S.C. § 1334(a).

2. Confirmation of Debtor's Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

3. Debtor failed to satisfy his burden of proof under 11 U.S.C. §§ 1325(b)(1)(B) and (b)(2)(A)(i) to show that his Plan provides that all of the Debtor's projected disposable income to be received in the applicable commitment period will be applied to make payments to unsecured creditors under the Plan.

4. Below median income debtors must prove on a case-by-case basis that a claimed expense is reasonably necessary.  *Ransom*, 131 S.Ct. at 725 n. 5.  Debtor's monthly payment on a claim secured by a boat and trailer which he uses only for recreational purposes is not reasonably necessary for his or his dependent's maintenance or support under § 1325(b)(2)(A)(i).

**IT IS ORDERED** that a separate Order shall be entered in conformity with the above sustaining the Trustee's objection and denying confirmation of Debtor's Chapter 13 Plan, and

8

granting the Debtor 14 days to file an amended Chapter 13 Plan which satisfies the disposable income requirement of § 1325(b).

                                            BY THE COURT

                                            */s/ Ralph B. Kirscher*

                                            HON. RALPH B. KIRSCHER
                                            U.S. Bankruptcy Judge
                                            United States Bankruptcy Court
                                            District of Montana